**UNITED STATES of America**

v.

**$27,820.00 UNITED STATES CURRENCY.**

Civ. A. No. 89–1887.

United States District Court, E.D. Pennsylvania.

Oct. 4, 1989.

---

Serena H. Dobson, James H. Swain, Asst. U.S. Attys., Philadelphia, Pa., for U.S.

John Henry Townley, pro se.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

### INTRODUCTION

This is a civil action for forfeiture of monies pursuant to the Controlled Substances Act, 21 U.S.C. § 881(a)(6), and 28 U.S.C. § 2461. For the reasons given below, I will enter judgment in favor of plaintiff United States of America and against claimant John Henry Townley.

### BACKGROUND

The defendant property consists of $27,820.00 which was seized on January 3, 1986 during a search pursuant to a warrant at 244 East 21st Street, Northampton, Pennsylvania, the residence of claimant John Henry Townley.

On September 30, 1986, in a criminal action in the Eastern District of Pennsylvania styled *United States v. John Henry Townley*, Criminal No. 86–00369–01, claimant John Henry Townley pled guilty to a two count information charging him with possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1).

Plaintiff United States of America alleges that the defendant property is the proceeds of sales and exchanges of controlled substance, and/or constitutes monies furnished or intended to be furnished in exchange for controlled substances within the meaning of 21 U.S.C. § 841(a)(1). Plaintiff also alleges that the defendant property constitutes proceeds traceable to sales and exchanges for a controlled substance within the meaning of 21 U.S.C. § 881(a)(6). If plaintiff's allegations are correct, the defendant property is subject to forfeiture.

The Complaint for Forfeiture in this action was filed on March 15, 1989, and an Answer was received by the plaintiff United States of America on March 31, 1989. The Answer was not filed of record but is attached as Exhibit A to plaintiff's Memorandum in Support of Motion to Amend Complaint for Forfeiture, filed on April 4, 1989 (Document 3 in the docket of this

action). That Motion and related documents was withdrawn by plaintiff's Praecipe to Withdraw, filed April 17, 1989.

On March 16, 1989 the plaintiff served on claimant the Complaint for Forfeiture, the Warrant for Arrest in Action in Rem, its Interrogatories and its First Request for Production of Documents.

On April 12, 1989 claimant served on the plaintiff a Motion for Extension of Time to Answer Interrogatories and Produce Documents. The Motion has never been filed of record, but appears in the file as an attachment to plaintiff's Response to it. In the Motion claimant requested an additional sixty (60) days to respond, citing difficulties in compliance due to his being incarcerated at Allenwood Federal Prison Camp.

On April 25, 1989 the plaintiff filed its response to the claimant's Motion, stating in its Memorandum that many of the Interrogatories, could be reasonably answered without resort to records. The Memorandum also stated that certain of the documents requested, such as authorizations for the release of income tax and work history documentation, could also be supplied without resort to records unavailable to claimant.

On May 24, 1989 the claimant filed a Rebuttal and Objection to Response and Objections to Claimant's Motion for Extension of Time to Answer Interrogatories and Produce Documents. In that document the claimant renewed his request for an additional 60 days to respond. Claimant disputed the plaintiff's contention that he had the necessary resources to respond, claiming that complete and accurate answers under oath could not be provided without reference to documentation.

On June 27, 1989 the plaintiff filed its Motion to Strike Answer of John H. Townley, on the ground that no Verified Claim had been filed within ten days of the execution of the Warrant of Arrest or within such additional time as may be allowed by the Court, as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule C(6)").

On July 13, 1989, the claimant filed his Motion to Sustain Answer of John H. Townley and Leave for Expansion of Time.

Attached to that Motion was a Verified Claim.

Also on July 13, 1989, I entered an Order requiring the claimant to serve responses to the plaintiff, including the requested authorizations [for release of documentation], within 20 days of the date of that order. He did not do so within the twenty day period or thereafter.

By Order dated September 1, 1989, In response to plaintiff United States of America's Motion to Strike Answer of John H. Townley, and Claimant John H. Townley's Motion to Sustain Answer of John H. Townley and Leave for Expansion of Time [to file verified claim] I ordered that claimant's Answer should be deemed to have been filed on March 31, 1989 and that the Verified Claim should be deemed to have been timely filed with this court *nunc pro tunc* on March 31, 1989.

By the same Order I granted the claimant an additional thirty (30) days to respond to plaintiff's Interrogatories and Requests for Production of Documents. I provided that failure of claimant to respond within the time allowed would result in the dismissal of his claim and the entry of judgment in favor of plaintiff United States of America and against claimant.

Neither the Court or the plaintiff has received any response to plaintiff's Interrogatories or Request for Production of Documents.

DISCUSSION

Dismissal of a claim for failure to meet scheduling deadlines established by the court is governed by the principles set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3rd Cir. 1984). These are:

"(1) [T]he extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and response to discovery; (3) a *history* of dilatoriness: (4) whether the conduct of the party or the attorney was *wilful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense." (Emphasis in original)

I now apply these factors to the circumstances of this case.

1. The extent of the party's personal responsibility.

The claimant in this action has been incarcerated at Allenwood Prison Camp during this litigation, and has not had the assistance of counsel. But because he proceeding *pro se*, he alone must take responsibility for failures to progress his case.

The principle is well established that a *pro se* litigant is not held to the same standards of pleading as a litigant represented by counsel. See *e.g., Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) and *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

As more fully discussed under factor number 3, "a history of dilatoriness", claimant has been given extraordinary extensions of the deadlines for providing the required discovery.

2. Prejudice to the adversary.

I have reviewed the plaintiff's Interrogatories and First Request for Production of Documents. I find that they are reasonable requests, and that the information requested is essential to determining whether the claimant has a valid claim to the defendant property. There is no way to progress this action without the requested information, or a substantial part of it. Claimant has provided none.

3. A history of dilatoriness.

Claimant has been granted two extensions of time to respond to the discovery requests. The first, on July 13, 1989, granted him twenty days. The second, on September 1, 1989, granted him thirty days, in addition to the time that had already elapsed. He has had since March 16, 1989 to gather the material necessary to respond. He has had over 170 days since April 12, 1989, when he claimed he needed sixty days and over 130 days from May 24, 1989, when he renewed his request for an additional sixty days.

4. Whether the conduct was wilful or in bad faith.

Claimant has argued that, because of his circumstances, the answers which he would be able to give would necessarily be incomplete. That may be true, but it does not excuse failure to respond. My review of the Interrogatories reveals that much of the information requested is such that the plaintiff should be able to answer in substance, even if some specifics would require approximation. Some of the most important documentation could have been obtained through the authorizations for release of information requested by the plaintiff or through the assistance of this court's subpoena powers. None of it can be obtained without the claimant's cooperation. In the memorandum attached to my order of September 1, 1989, I noted that, if the claimant were unable to gather the material necessary to fully answer any particular interrogatory or produce any particular document, he could respond to the best of his knowledge and belief, noting the specific areas of uncertainty or unavailability. Under the circumstances, his failure to provide any of the requested information or documentation, or the requested authorizations for release of information, must be taken as wilful.

5. The effectiveness of sanctions other than dismissal.

As noted above, the requested discovery is essential to determination of the claimant's claim. Because of his *pro se* status claimant has been granted extraordinary extensions of time and also, as noted in the "Background" part of this memorandum, extraordinary latitude procedurally. In my order of September 1, 1989 he was warned of the consequences of failure to respond, and invited to give incomplete responses if necessary. If the threat of dismissal has not produced a response, it is hard to imagine any other sanction which would have been effective.

6. The meritoriousness of the claim or defense.

The defendant property was seized on January 3, 1986, during a search pursuant

to a warrant at the claimant's home. Claimant was subsequently charged with and convicted of possession with intent to distribute of 383.7 grams of cocaine and 151 grams of methamphetamine on that date. It is that conviction which forms the basis for the forfeiture of the defendant property. Claimant contends that $25,000 of the defendant property was the proceeds of a loan made by his mother on December 21, 1985 and that the balance was proceeds from his legitimate business activity.

Claimant has refused to document his contention, or to provide information and authorizations by which such documentation, if it exists, could be obtained. Consequently this court has been frustrated in its efforts to determine whether claimant's contention has any merit.

## SUMMARY

In summary, claimant has been given the full measure of latitude to which a *pro se* litigant is entitled in this court. He has failed, or refused, to provide any information or documentation on which this court could base a judgment in his favor. Such information and documentation cannot be obtained without the cooperation of the claimant. Consequently this court has no alternative but to dismiss the claim of claimant John Henry Townley.

An appropriate order follows.

## ORDER

AND NOW, this 4th day of October, 1989, upon consideration of the record in this matter, and for the reasons set forth in the attached Memorandum, IT IS ORDERED that judgment is entered in favor of plaintiff United States of America and against claimant John Henry Townley in the amount of $27,820.00 and the defendant currency is forfeited to the United States of America and shall be disposed of in accordance with existing law, together with costs.